Case 2:20-cv-00223   Document 14   Filed on 10/28/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL CARDORA ROBERSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-223 |
| | § | |
| EVELYN CASTRO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE AS BARRED BY THE THREE STRIKES RULE

Michael Cardora Roberson, a Texas inmate appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. By Order entered on September 15, 2020, Plaintiff was granted leave to proceed *in forma pauperis*. (D.E. 8). For the reasons discussed below, the undersigned respectfully recommends that this action be **DISMISSED as BARRED** by the three strikes rule set forth in 28 U.S.C. § 1915(g).

### I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Connally Unit in Kenedy

Texas. Plaintiff was convicted of aggravated sexual assault of a child in Williamson County and sentenced on November 7, 2017 to twelve years in prison. Plaintiff's claims in this action arise in connection with his previous housing assignment to the McConnell Unit in Beeville, Texas.

In this action, Plaintiff sues the following McConnell Unit prison officials: (1) Warden Evelyn Castro; (2) Major John R. DeLapp; (3) Officer Christie L. Garcia; (4) Sgt. Derrick A. Martin; (5) Sgt. David G. Doughery, Jr.; (6) Capt. Skinner C. Sturgis; (7) Sgt. Benjamin P. Brako; and (8) Assistant Warden Gene R. Miller. Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to protect him from inmate threats endangering his life. Plaintiff seeks declaratory, injunctive, and monetary relief.

A *Spears*[1] hearing was conducted on October 14, 2020. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint. Plaintiff is 31 years old, stands 5'11" tall, and weighs 142 pounds. Plaintiff arrived in TDCJ custody in 2017. Plaintiff was assaulted and injured by other inmates while housed at other TDCJ units before his transfer to the McConnell Unit in November 2019. Plaintiff believes that he is being targeted by inmates and prison officials due to the nature of his underlying conviction.

On April 4, 2020, Plaintiff told officers that his life was endangered by inmate threats. An inmate identified as Mario threatened Plaintiff by saying that Plaintiff had better not go to the reck yard or the shower. If he did, Mario threatened he would knock

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Plaintiff out and sexually assault Plaintiff.  Mario also told Plaintiff that he knew people in the free world who would seek out, rape, and kill Plaintiff's mother and sister. A second inmate named Garcia also threatened Plaintiff with regard to going to the reck yard.  These inmates told Plaintiff that he was not safe at the McConnell Unit.

After being threatened in April 2020, Plaintiff refused to leave his cell.  Plaintiff alleges the defendants took no action to protect him.  Plaintiff further alleges several defendants prevented him from filing a request for an Offender Protection Investigation (OPI).  Plaintiff ultimately made a request for an OPI with the Unit Classification Committee (UCC).  Major DeLapp, who chaired his UCC meeting with regard to the OPI, found that Plaintiff did not have enough proof as to whether two inmates had threatened to harm Plaintiff.  After Plaintiff's OPI was denied, he was released to the general population and placed in the same housing section as inmate Garcia.  Plaintiff's Step 1 and Step 2 grievances were subsequently denied on the basis that there was no evidence to substantiate Plaintiff's allegations of life endangerment.

Plaintiff testified at the *Spears* hearing that he was never assaulted by any inmates or officers during his time at the McConnell Unit.  On October 6, 2020, Plaintiff was transferred to the Connally Unit.  Plaintiff believes he was transferred to the Connally Unit due to the filing of his OPI.  Plaintiff is currently under a quarantine at the Connally Unit.  Despite being classified as a G5, the most restrictive classification, Plaintiff will be released into the general population at the Connally Unit after the quarantine period.

### III.  DISCUSSION

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule set forth in § 1915(g). This rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis.* 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See Roberson v. Hutchinson*, No. 4:20-cv-1406 (S.D. Tex. Apr. 28, 2020) (dismissed as malicious); *Roberson v. Morgan*, No. 4:20-cv-1325 (S.D. Tex. Apr. 16, 2020) (dismissed as malicious); and *Roberson v. McCann*, No. 6:18-cv-465 (E.D. Tex. 2019) (dismissed as frivolous). Therefore, Plaintiff is barred from filing this civil suit IFP unless he is in imminent danger of physical injury.

The Court must assess whether Plaintiff was exposed to imminent danger of serious injury at the time that he filed his action. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate."

*Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted).  In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted).  Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Accepted as true, Plaintiff's allegations reference threats to Plaintiff that were issued to him by two inmates in April 2020.  Plaintiff specifically testified, however, that he was not assaulted by any inmates at the McConnell Unit either before or after the threats were issued to him in April 2020.  His allegations reflect that he did file an OPI, which was considered and rejected by the UCC and that he was ultimately transferred to the Connally Unit in October 2020.  Plaintiff provides no specific allegations to suggest that an attack was imminent at the time he filed his complaint.  Plaintiff's allegations in the complaint and testimony at the *Spears* hearing fail to satisfy the imminent danger test set forth in § 1915(g).[2]

---

[2] The undersigned notes that, even if this action were allowed to proceed, his claims seeking declaratory and injunctive relief would be subject to dismissal.  Claims for declaratory and injunctive relief based on the conditions of confinement are rendered moot upon prisoner's release from custody or transfer to another facility. *Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)).  *See also Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (requests for injunctive and declaratory relief become moot when inmate is transferred to another facility).  The Connally Unit is in Karnes County, Texas, which is in the San Antonio Division of the Western District of Texas.  28 U.S.C. § 124(d)(4).  If Plaintiff seeks to overcome the three strikes bar in connection with his current confinement, he may file a separate action in the San Antonio Division.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff is barred from proceeding in this action *in forma pauperis* pursuant to § 1915(g) because: (1) he has had three previous cases dismissed as frivolous, malicious, or for failure to state a claim for relief; and (2) he cannot show that he was in imminent danger at the time he filed this complaint. In a separate Order, the undersigned will vacate the September 15, 2020 Order (D.E. 8) granting him leave to proceed *in forma pauperis*. Accordingly, the undersigned respectfully recommends that this action be **DISMISSED**. The undersigned respectfully recommends further that the Clerk of Court be directed to send a copy of this Order to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 28th day of October 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).